IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| APOTEX INC.<br>150 Signet Drive<br>Weston, Ontario, Canada M9L 1T9<br><br>       Plaintiff,<br><br>       v.<br><br>FOOD AND DRUG ADMINISTRATION<br>5600 Fishers Lane<br>Rockville, MD 20857<br><br>MICHAEL O. LEAVITT<br>Secretary of Health and Human Services<br>200 Independence Avenue, SW<br>Washington, D.C. 20201<br><br>       and<br><br>ANDREW VON ESCHENBACH<br>Acting Commissioner of Food and Drugs<br>5600 Fishers Lane<br>Rockville, MD 20857<br><br>       Defendants. | Case No. _____ |

## COMPLAINT

Plaintiff Apotex Inc. ("Apotex"), for its complaint against the Food and Drug Administration ("FDA"); Michael O. Leavitt, Secretary of Health and Human Services; and Andrew von Eschenbach, Acting Commissioner of Food and Drugs, alleges as follows:

### Nature Of The Action

1. Apotex brings this action for declaratory and injunctive relief challenging FDA's unlawful refusal to approve Apotex's abbreviated new drug application ("ANDA") No. 77-306 for generic ondansetron hydrochloride tablets on December 24, 2006, when the only remaining

exclusivity for this product expires. On information and belief, Apotex has satisfied all substantive requirements for, and is lawfully entitled to, final approval at that time. FDA's refusal to approve Apotex's ANDA therefore violates the Federal Food, Drug, and Cosmetic Act ("FFDCA") and the Administrative Procedure Act ("APA").

2. Despite numerous written and oral requests, FDA has refused to approve Apotex's ondansetron tablet ANDA on December 24, 2006. The only basis for FDA's refusal is its belief that another generic applicant is entitled to a period of so-called "180-day exclusivity." But any such generic exclusivity was triggered and expired long ago by virtue of the May 25, 2005 court decision dismissing GlaxoSmithKline's ("GSK") patent infringement action against Apotex with prejudice on the ground that Apotex's ANDA products do not infringe. In an administrative letter ruling dated November 3, 2006, FDA has refused to treat the dismissal order as a "court decision trigger" under the FFDCA. That decision is arbitrary, capricious, and contrary to law and constitutes unlawful agency action and/or agency action unlawfully withheld under the APA. Under any proper interpretation of the FFDCA, the dismissal order qualifies as a court decision that triggered any 180-day exclusivity no later than June 22, 2005, which exclusivity has now expired.

3. FDA's refusal to approve Apotex's ANDA will deny Apotex lawful access to the ondansetron market, thus causing irreparable harm for which Apotex is entitled to immediate declaratory and injunctive relief from this Court:

    (a) setting aside FDA's November 3, 2006, administrative ruling as arbitrary, capricious, and contrary to law;

    (b) declaring that FDA's refusal to treat the dismissal order as a triggering court decision is arbitrary, capricious, and contrary to law;

    (c) directing FDA to finally approve Apotex's ANDA No. 77-306 for ondansetron tablets on December 24, 2006;

2

(d) declaring that a determination that another applicant is entitled to an unexpired period of 180-day exclusivity for ondansetron tablets is arbitrary, capricious, and contrary to law; and

(e) enjoining final approval of all ondansetron tablet ANDAs pending resolution of this action.

## Parties

4. Plaintiff Apotex is a corporation organized and existing under the laws of Canada having a place of business at 150 Signet Drive, Weston, Ontario Canada M9L 1T9. Apotex develops and manufactures quality, lower-priced generic medicines.

5. Defendant Michael O. Leavitt is the Secretary of Health and Human Services, and the official charged by law with administering the FFDCA. He is sued in his official capacity. Secretary Leavitt maintains offices at 200 Independence Avenue, S.W., Washington, D.C. 20201.

6. Defendant Andrew von Eschenbach is the Acting Commissioner of Food and Drugs. He is sued in his official capacity. Acting Commissioner von Eschenbach has been delegated the authority to administer the drug approval provisions of the FFDCA through FDA. He maintains offices at 5600 Fishers Lane, Rockville, Maryland 20857.

## Jurisdiction And Venue

7. This action arises under the FFDCA, 21 U.S.C. § 301 *et seq.*; the APA, 5 U.S.C. § 551 *et seq.*; and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331, 1361.

8. This Court has personal jurisdiction over the Defendants because they are either located and/or conduct substantial business in, or have regular and systematic contact with, this District.

9. Venue is proper in this District under 28 U.S.C. § 1391(e).

10. FDA's agency action and/or inaction constitutes an actual controversy, for which Apotex is entitled to review and relief under 5 U.S.C. §§ 702, 704-706. Apotex has standing to maintain this action, pursuant to the APA, as a legal entity that has suffered a legal wrong and has been adversely affected by final agency action and/or agency action unlawfully withheld.

11. There exists an actual, substantial, and continuing controversy between the parties regarding FDA's refusal to approve Apotex's ANDA No. 77-306, which refusal is arbitrary, capricious, and contrary to law. This Court may declare the rights and legal relations of the parties under 28 U.S.C. §§ 2201, 2202.

## Background

### I.  Statutory Framework For Approval Of New And Generic Drugs.

#### A.  New Drugs—NDAs and Patent Listing Requirements.

12. A company seeking to sell an original, new drug must file a new drug application ("NDA") containing technical data on the composition of the drug, the means for manufacturing it, clinical trial results to establish the safety and efficacy of the drug, and labeling for use of the drug for which approval is requested. *See* 21 U.S.C. § 355(b)(1).

13. An NDA applicant must also submit information to FDA with respect to any patent that "claims the drug for which the applicant submitted the application or which claims a method of using such drug . . . ." 21 U.S.C. §§ 355(b)(1); *see also id.* § 355(c)(2). After approving the NDA, FDA publishes this patent information in the "Orange Book." *See id.*; 21 C.F.R. § 314.53(e).

#### B.  Generic Drugs—ANDAs and Patent Certifications.

14. A company seeking FDA approval to market a generic version of a previously-approved NDA drug may file an ANDA without repeating the comprehensive and extensive

4

human clinical studies conducted for the NDA drug. A generic ANDA applicant must, however, establish that its proposed product is bioequivalent to the already-approved NDA drug and, with certain exceptions, that it has the same active ingredient, dosage form, dosage strength, route of administration, and labeling as the approved NDA drug. *See* 21 U.S.C. § 355(j)(2)(A).

15. An ANDA must also include one of four certifications with respect to each Orange Book-listed patent for the NDA drug: (I) that there is no patent information; (II) that the listed patent has expired; (III) that the ANDA applicant will not market its generic drug until after the expiration of the listed patent, a so-called "paragraph III certification"; or (IV) that the listed patent is invalid and/or will not be infringed by the proposed generic drug, a so-called "paragraph IV certification." *See* 21 U.S.C. § 355(j)(2)(A)(vii).

16. With certain exceptions not applicable here, an ANDA applicant seeking FDA approval to market its generic drug before expiration of the Orange Book-listed patent must submit a paragraph IV certification, and notify the patentee (and the NDA-holder) of the factual and legal bases for that certification. *See* 21 U.S.C. § 355(j)(2)(B). Submitting an ANDA with a paragraph IV certification has two important consequences.

17. First, submitting a paragraph IV certification constitutes a technical act of infringement under 35 U.S.C. § 271(e)(2)(A), thereby vesting the district courts with subject matter jurisdiction to adjudicate whether the proposed generic drug infringes the subject patent before the drug has actually been marketed. By bringing suit, the patentee triggers an automatic stay of FDA approval. FDA cannot finally approve the ANDA for 30 months, regardless of the merit, or lack thereof, of the patent infringement case. *See* 21 U.S.C. § 355(j)(5)(B)(iii). Before expiration of the 30 months, the stay can be terminated by a court decision of non-infringement and/or invalidity on that patent. *See id.*

18.     Second, the first applicant to submit an ANDA for a drug product containing a paragraph IV certification for any listed patent may be entitled to a 180-day generic marketing exclusivity period. *See* 21 U.S.C. § 355(j)(5)(B)(iv).

**C.      180-Day Generic Exclusivity and the "Court Decision Trigger".**

19.     Congress created the 180-day exclusivity provision by preventing FDA from approving competing generic products until 180 days after the earlier of two so-called "triggering events." The relevant statutory provision, as it existed prior to amendment in 2003 (which amendment does not apply to ondansetron tablet ANDAs), provides:

> (iv)    If the application contains a [paragraph IV certification] . . . and is for a drug for which a previous application has been submitted under this subsection [containing] such a certification, the application shall be made effective not earlier than one hundred and eighty days after—
>
> > (I)     the date the Secretary receives notice from the applicant under the previous application of the first commercial marketing of the drug under the previous application, or
> >
> > (II)    the date of a decision of a court in an action described in clause (iii) holding the patent which is the subject of the certification to be invalid or not infringed,
>
> whichever is earlier.

21 U.S.C. § 355(j)(5)(B)(iv).

20.     Thus, the 180-day exclusivity period is triggered by the earlier of: (1) the first-filer's commercial marketing ("the commercial marketing trigger"); or (2) relevant to this case, a final, unappealable court decision that the patent is invalid or not infringed ("the court decision trigger"). 21 U.S.C. § 355(j)(5)(B)(iv)(I)-(II).

21.     A triggering "court decision" can be obtained by any ANDA applicant in any patent infringement case involving the patent-at-issue. Thus, the first generic applicant's 180-day exclusivity period can be triggered by a court decision in a case to which that applicant is not

6

a party, and the exclusivity period can begin to run and expire before the first applicant is even approved or on the market.

22. An unappealable court order dismissing with prejudice a patent infringement action against a generic ANDA applicant brought under 35 U.S.C. § 271(e)(2)(A) based on a concession or finding of non-infringement constitutes a triggering court decision under 21 U.S.C. § 355(j)(5)(B)(iv).

23. FDA treats orders dismissing patent litigation brought under 35 U.S.C. § 271(e)(2)(A) as court decisions of non-infringement and/or invalidity sufficient to terminate the 30-month stay of FDA approval.

## II.  Background Facts.

24. GSK holds approved NDA No. 20-103 for ondansetron hydrochloride tablets 4 mg, 8 mg, and 24 mg, which GSK markets and sells under the brand-name Zofran®. FDA has approved ondansetron for, among other things, the prevention of nausea and vomiting associated with chemotherapy.

25. GSK submitted several patents for listing in the Orange Book in connection with NDA No. 20-103 for Zofran® (ondansetron hydrochloride) Tablets 4 mg, 8 mg, and 24 mg, including: U.S. Patent No. 4,695,578 ("the '578 patent"), which has expired; U.S. Patent No. 5,578,628 ("the '628 patent), which has expired; U.S. Patent No. 4,753,789 ("the '789 patent), which has expired; and U.S. Patent No. 5,344,658 ("the '658 patent"), which expires on September 6, 2011. The pediatric exclusivity associated with the now-expired '789 patent expires on December 24, 2006. On information and belief, no ANDA applicant for generic ondansetron tablets can be finally approved before December 24, 2006.

26. Because the Orange Book-listed '578, '628, and '789 patents have expired, no ANDA applicant is eligible for 180-day exclusivity as to those patents.

27. On information and belief, another generic applicant, Dr. Reddy's Laboratories ("DRL"), claims to have submitted the first ANDA for ondansetron tablets with a paragraph IV certification to the '658 patent—the only remaining *un*expired Orange Book-listed patent. DRL's ANDA is not eligible for final approval until at least December 24, 2006, when the pediatric exclusivity associated with the '789 patent expires.

28. Apotex also submitted an ANDA for ondansetron tablets containing a paragraph IV certification to the '658 patent. On information and belief, Apotex has satisfied all substantive requirements for approval, but like DRL, is not eligible for final approval until December 24, 2006.

29. As required by statute, Apotex provided the requisite notice of its ANDA and paragraph IV certification to the '658 patent, together with the factual and legal basis for that certification, to GSK, the patent owner and NDA-holder.

30. On January 14, 2005, within forty-five (45) days of receiving Apotex's statutorily-required notice letter, GSK filed a patent infringement action against Apotex in the United States District Court for the District of New Jersey, alleging infringement of the '658 patent under 35 U.S.C. § 271(e)(2)(A). This suit automatically stayed FDA approval of Apotex's ANDA until the earlier of 30 months or a court decision of patent non-infringement or invalidity. 21 U.S.C. § 355(j)(5)(B)(iii).

31. On May 25, 2005, the New Jersey district court entered an Order dismissing GSK's patent infringement action against Apotex with prejudice based on GSK's concession that "the ondansetron hydrochloride tablets that are the subject of and described in Apotex Inc.'s ANDA No. 77-306 do not infringe, and if imported, manufactured, used, sold or offered for sale in the United States would not infringe, any claim of GlaxoSmithKline's U.S. Patent No.

5,344,658 ("the '658 patent")." This concession and finding of non-infringement is expressly set forth on the face of the dismissal order, which provides:

> WHEREAS, *pursuant to the Agreement, Plaintiffs Glaxo Group Limited and SmithKline Beecham Corporation (collectively "GlaxoSmithKline") stipulate and agree that the ondansetron hydrochloride tablets that are the subject of and described in Apotex Inc.'s ANDA No. 77-306 do not infringe, and if imported, manufactured, used, sold or offered for sale in the United States would not infringe, any claim of GlaxoSmithKline's U.S. Patent No. 5,344,658 ("the '658 patent")*; and
>
> WHEREAS, GlaxoSmithKline has represented that it will not sue Apotex for infringement of the '658 patent based on the importation, manufacture, use, sale or offer for sale of ondansetron hydrochloride tablets that are the subject of and described in ANDA No. 77-306;
>
> \* \* \*
>
> THEREFORE *based on the referenced Agreement*, the parties, by their undersigned attorneys, hereby stipulate and agree to the dismissal of the parties' respective claims and counterclaims *with prejudice*.

(emphasis added).

32. The May 25, 2005 Order became a final decision from which no appeal has been, or can be, taken on June 24, 2005, at the latest.

33. On June 1, 2005, in accordance with 21 C.F.R. § 314.107(e), Apotex submitted a copy of this final court decision to FDA.

34. FDA considers the May 25, 2005 Order to be a court decision of non-infringement that terminated the 30-month stay of FDA approval of Apotex's ANDA.

35. The May 25, 2005 Order constitutes a "court decision trigger" under the FFDCA that triggered any 180-day exclusivity as to the '658 patent no later than June 24, 2005. Any such exclusivity expired 180 days later in December 2005. Thus, Apotex is lawfully entitled to final approval of its ondansetron ANDA on December 24, 2006, when pediatric exclusivity for the '789 patent expires.

9

36. On August 31, 2005, Apotex sent a letter to FDA seeking confirmation that the May 25, 2005 Order triggered any 180-day generic exclusivity that would be awarded for ondansetron, and that Apotex's ANDA No. 77-306 would be eligible for final approval on December 24, 2006, upon expiration of the pediatric exclusivity for the '789 patent.

37. FDA did not respond to Apotex's August 31, 2005 letter.

38. On August 29, 2006, or almost one full year after its initial letter, Apotex sent another letter to FDA, again seeking confirmation that the May 25, 2005 Order triggered any 180-day exclusivity that would be awarded for ondansetron, and that Apotex's ANDA No. 77-306 would be eligible for final approval on December 24, 2006, upon expiration of the pediatric exclusivity for the '789 patent. Apotex also requested the courtesy of a response from the Agency no later than September 14, 2006, given the upcoming expiration of pediatric exclusivity for the '789 patent.

39. FDA did not respond to Apotex's August 29, 2006 letter.

40. Apotex subsequently had numerous oral discussions with FDA since its August 29, 2006 letter.

41. On November 3, 2006, FDA finally issued an administrative letter ruling, *inter alia*, refusing to recognize Apotex's right to final ANDA approval on December 24, 2006.

42. FDA's November 3, 2006 ruling does not consider the May 25, 2005 Order to be a triggering court decision.

43. Under its November 3, 2006 ruling, FDA will issue final approval that will permit DRL or others to launch their generic ondansetron products with 180-day exclusivity immediately upon expiration of the pediatric exclusivity associated with the '789 patent on December 24, 2006.

44. If FDA issues final approval to DRL or others, which will allow them to launch their ondansetron products with 180-day exclusivity, Apotex will suffer substantial irreparable harm.

45. Money damages are not available to compensate Apotex for its wrongful losses because there is no private right of action that Apotex could bring against FDA for damages.

46. But for FDA's unlawful administrative ruling and refusal to treat the dismissal Order as a court decision trigger under 21 U.S.C. § 355(j)(5)(B)(iv)(II), Apotex would be eligible for final approval on December 24, 2006.

47. FDA's refusal to treat the dismissal Order as a court decision trigger is arbitrary, capricious, and contrary to law.

48. As a direct and proximate result of FDA's unlawful exclusivity determination, Apotex will suffer imminent irreparable harm and substantial damages for which Apotex is entitled to immediate declaratory and injunctive relief.

49. Apotex is further entitled to emergency interim injunctive relief enjoining FDA from awarding final approval to any ondansetron tablet ANDAs until resolution of this suit.

50. FDA's November 3, 2006 administrative ruling constitutes final agency action.

51. Apotex has duly exhausted its administrative remedies.

## Claims For Relief

### Count I
### (Violation of the FFDCA and APA, 5 U.S.C. § 706)

52. Apotex repeats and realleges the foregoing paragraphs as though fully alleged herein.

53. FDA's refusal to treat the dismissal Order as a triggering court decision under 21 U.S.C. § 355(j)(5)(B)(iv)(II), and the Agency's related refusal to approve Apotex's ANDA No.

11

77-306 for ondansetron tablets upon expiration of the pediatric exclusivity associated with the '789 patent, is agency action unlawfully withheld within the meaning of 5 U.S.C. § 706(1); arbitrary, capricious, and not in accordance with the law within the meaning of 5 U.S.C. § 706(2)(A); in excess of statutory authority within the meaning of 5 U.S.C. § 706(2)(C); and in violation of the FFDCA.

54. FDA's refusal to approve Apotex's ANDA No. 77-306 based on the Agency's unlawful award of a period of 180-day exclusivity constitutes final agency action that is reviewable by this Honorable Court.

55. Properly applied here, no applicant is entitled to a period of 180-day exclusivity for ondansetron tablets under 21 U.S.C. § 355(j)(5)(B)(iv)(II). The only possible generic exclusivity period for ondansetron tablets was triggered by the dismissal Order as of June 24, 2005, and expired, at the latest, by December 2005. FDA therefore has no basis or authority under the FFDCA or its regulations to withhold final approval of Apotex's ANDA No. 77-306 for ondansetron tablets once the pediatric exclusivity associated with the '789 patent expires on December 24, 2006.

56. FDA's November 3, 2006 administrative ruling constitutes final agency action.

57. Apotex has duly exhausted its administrative remedies.

58. Apotex has no adequate remedy at law.

### Count II
### (Relief Pending Review, 5 U.S.C. § 705)

59. Apotex repeats and realleges the foregoing paragraphs as though fully alleged herein.

60. FDA's determination that another applicant is entitled to an unexpired period of 180-day exclusivity for ondansetron tablets constitutes final agency action that is reviewable by this Honorable Court.

61. If another applicant is permitted to launch its ondansetron tablets with exclusivity on December 24, 2006, Apotex will suffer severe and immediate irreparable harm.

62. Even if Apotex prevails on the merits of its claims, Apotex will not be able to recover the substantial financial and other intangible losses it will suffer as a result of an exclusive launch by another applicant.

63. Under 5 U.S.C. § 705, Apotex thus is entitled to immediate injunctive relief postponing the effective date of final approval of any ondansetron tablet ANDA in order to preserve the *status quo* and rights of the parties pending resolution of this matter on the merits.

64. Apotex has no adequate remedy at law.

WHEREFORE, Apotex respectfully prays that this Honorable Court enter judgment in its favor and against Defendants, as follows:

(a) Entry of a judgment setting aside FDA's November 3, 2006 administrative letter ruling as arbitrary, capricious, and contrary to law;

(b) Entry of a judgment declaring that FDA's refusal to treat the dismissal Order as a triggering court decision under 21 U.S.C. § 355(j)(5)(B)(iv)(II) is arbitrary, capricious, and contrary to law;

(c) Entry of an injunction directing FDA to award final approval to Apotex's ANDA No. 77-306 for ondansetron tablets upon expiration of GSK's pediatric exclusivity on December 24, 2006;

(d) Entry of a judgment declaring that a determination that DRL (or any other ANDA applicant) is entitled to an unexpired period of 180-day exclusivity for ondansetron tablets is arbitrary, capricious, and contrary to law;

(e) Entry of an interim injunction directing FDA to refrain from granting final approval to any ondansetron tablet ANDA pending resolution of this

      action, or until FDA grants final approval of Apotex's ANDA No. 77-306 for ondansetron tablets, whichever is earlier.

(f)    Entry of an order awarding Apotex its reasonable attorneys' fees and costs of prosecuting this action; and

(g)    Such other and further relief as the Court deems just and proper.

Dated: November 6, 2006.             Respectfully submitted,

APOTEX INC.

By: _____
Arthur Y. Tsien, D.C. Bar No. 411579
OLSSON, FRANK AND WEEDA, P.C.
1400 16th Street, N.W., Suite 400
Washington, D.C. 20036-2220
(202) 789-1212
(202) 234-3550 (facsimile)

*Counsel for Apotex Inc.*

Of Counsel:
William A. Rakoczy, D.C. Bar No. 489082
Christine J. Siwik
Alice L. Riechers
RAKOCZY MOLINO MAZZOCHI SIWIK LLP
6 West Hubbard Street, Suite 500
Chicago, Illinois 60610
(312) 222-6301
(312) 222-6321 (facsimile)

*Counsel for Apotex Inc.*

14

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Apotex Inc.

## DEFENDANTS
Food and Drug Administration, Michael O'Leavitt, and Andrew Von Eschenbach

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF — 99999
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Arthur Y. Tsien, Esq.
Olsson, Frank & Weeda, P.C.
1400 Sixteenth Street, N.W. Suite 400
Washington, D.C. 20036

ATTORNEYS (IF KNOWN)

Office of Consumer Litigation
U.S. Department of Justice
1331 Pennsylvania Ave. N.W.
National Place Building, Room 950
Washington, D.C. 20004

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
◉ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ◉ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other) OR ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
○ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE Nov. 6, 2006   SIGNATURE OF ATTORNEY OF RECORD _[signature]_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.