## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| APOTEX INC. | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 06-1890 (RMC) |
| | ) | |
| FOOD & DRUG ADMINISTRATION, et al, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DR. REDDY'S LABORATORIES, LTD., | ) | |
| 7-1-27 Ameerpet | ) | |
| Hyderabad, 500 016 India | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DR. REDDY'S LABORATORIES, INC. | ) | |
| 200 Somerset Corporate Blvd., 7th Floor | ) | |
| Bridgewater, New Jersey 08807 | ) | |
| | ) | |
| Proposed Intervenors-Defendants. | ) | |

_____)

### CONSENT MOTION OF DR. REDDY'S LABORATORIES, LTD. AND DR. REDDY'S LABORATORIES, INC. FOR LEAVE TO INTERVENE AS DEFENDANTS

Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc. (together,

"DRL"), through its undersigned attorneys, respectfully move that it be allowed to

intervene in this action pursuant to Fed. R. Civ. P. 24(a)(2) or (b)(2).  Pursuant to Local

Rule 7(m), the parties have conferred and Plaintiff has advised counsel for DRL that it

consents to the requested intervention and the filing of DRL's answer by the same date

on which Defendants' answer is due, provided that DRL complies with the Court's

2

entered schedule in this matter and files any brief in response to Plaintiff's motion for preliminary injunction on or before November 17, 2006.  Defendants have advised counsel that they have no objection to DRL's Motion.

DRL has pending before FDA an abbreviated new drug application for generic ondansetron hydrochloride tablets.  DRL thus asserts an interest relating to the subject matter of this action, which seeks, among other things, a declaration that FDA's "determination that DRL is entitled to an unexpired period of 180-day exclusivity for ondansetron tablets is arbitrary, capricious, and contrary to law."  Compl. ¶ 64(d).  The disposition of the action may impair or impede DRL's interests, which are not represented by existing parties.  Thus, DRL is entitled to intervene as of right under Rule 24(a).  If intervention as a matter of right is denied, permissive intervention should be granted under Rule 24(b), as DRL's defenses and the main action have common questions of law and fact.

Respectfully Submitted,


_____/s/_____
John Longstreth, D.C. Bar No. 367047
Brian K. McCalmon, D.C. Bar No. 46119
PRESTON GATES ELLIS
    & ROUVELAS MEEDS LLP
1735 New York Avenue, N.W.
Suite 500
Washington, DC 20006-5209
(202) 628-1700
(202) 331-1024 (facsimile)


_____/s/_____
Andrew J. Miller
Stuart Sender
Bruce D. Radin
BUDD LARNER P.C.
150 John F. Kennedy Parkway
Short Hills, New Jersey 07078-2703
(973) 379-4800
(973) 379-7734 (facsimile)

*Counsel for Proposed Intervenors-*
*Defendants Dr. Reddy's Laboratories, Ltd.*
*and Dr. Reddy's Laboratories, Inc.*

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
APOTEX INC.                                         )
                                                    )
                Plaintiff                           )
                                                    )
        v.                                          )       Case No. 06-1890 (RMC)
                                                    )
FOOD & DRUG ADMINISTRATION, *et al*.,               )
                                                    )
                Defendants,                         )
                                                    )
        and                                         )
                                                    )
DR. REDDY'S LABORATORIES, LTD.,                     )
7-1-27 Ameerpet                                     )
Hyderabad, 500 016 India                            )
                                                    )
        and                                         )
                                                    )
DR. REDDY'S LABORATORIES, INC.                      )
200 Somerset Corporate Blvd., 7th Floor             )
Bridgewater, New Jersey 08807                       )
                                                    )
                Proposed Intervenors-Defendants.    )
_____)

**MEMORANDUM IN SUPPORT OF CONSENT MOTION OF DR. REDDY'S
LABORATORIES, LTD., AND DR. REDDY'S LABORATORIES, INC.,
FOR LEAVE TO INTERVENE AS DEFENDANTS**

On November 6, 2006, Apotex Inc. ("Apotex") filed its complaint in this action

against the United States Food and Drug Administration, Michael Levitt, and Andrew

Von Eschenbach (collectively, "FDA"), seeking declaratory and injunctive relief to set

aside an FDA letter ruling. The ruling at issue, dated November 3, 2006, would permit

FDA to determine that the first company to file an abbreviated new drug application

("ANDA") for generic ondansetron hydrochloride tablets is entitled to 180 days of

marketing exclusivity under 21 U.S.C. § 355(j)(5)(B)(iv)(II).  The lawsuit seeks an order

setting aside the November 3 letter ruling, requiring FDA to approve Apotex's ANDA for

ondansetron tablets on December 24, 2006, and enjoining FDA from approving any other

generic manufacturer's ANDA prior to the resolution of Apotex's lawsuit or the granting

of its ANDA, whichever is earlier.  Compl. § 64.  Counsel for Apotex has advised

counsel for Dr. Reddy Laboratories, Inc. (collectively, "DRL") that it consents to DRL's

intervention provided that DRL complies with the Court's entered schedule and files any

brief in response to Apotex's motion for preliminary injunction on or before November

17, 2006.  Counsel for the federal government defendants has advised counsel for DRL

that they have no objection to DRL's intervention.

DRL moves for leave to intervene as parties defendant pursuant to Fed. R. Civ. P.

24(a) and 24(b), because it has an immediate and compelling reason to join in this action.

Plaintiff Apotex is seeking an order from this Court that would deny DRL the 180 days of

marketing exclusivity for its generic tablets to which it is entitled by having been first to

file an ANDA for the product.  Apotex's requested relief, if granted, would thus directly

cause significant harm to DRL by denying it an approval that is consistent with the intent

of Congress to reward the expeditious invention of generic substitutes for brand-name

pharmaceuticals.

As discussed below, DRL meets every requirement for intervention as a matter of

right, or alternatively for permissive intervention.

## BACKGROUND

GlaxoSmithKline ("GSK") manufactures and sells ondansetron hydrochloride

tablets under the brand name Zofran®.  As alleged in the Complaint, FDA has approved

ondansetron for, among other things, the prevention of nausea and vomiting associated with chemotherapy.  Compl. ¶ 24.  Apotex further alleges that only one of the patents submitted by GSK for listing in FDA's Orange Book in connection with its new drug application ("NDA") for Zofran®, is unexpired (U.S. Patent No. 5,344,658 ("the '658 patent")), but that GSK's U.S. Patent No. 4,753,789 ("the '789 patent"), though expired, is entitled to a period of pediatric exclusivity until December 24, 2006 that will prevent FDA's approval of any ANDA for generic ondansetron tablets prior to that date.  Compl. ¶ 27.

DRL submitted an ANDA for ondansetron tablets to FDA for approval, and the Complaint alleges that "FDA considers DRL to be the first-filer for ondansetron tablets." Mem. in Support of Apotex Inc.'s Motion for Temporary Restraining Order and/or Preliminary Injunction at 10 n.7 ("TRO/PI Mot.").  DRL's ANDA included a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV certification") that DRL's generic equivalent to Zofran® will not infringe the '658 patent.  DRL asserts that because its ANDA was the first-filed with FDA for generic ondansetron tablets for the '658 patent, it is thus entitled to 180 days of marketing exclusivity once its ANDA is approved, as 21 U.S.C. §355(j)(5)(B)(iv) allows.

Apotex alleges that it also filed an ANDA with a Paragraph IV certification for ondansetron tablets on September 30, 2004.  TRO/PI Mot. at 9.  Apotex's Complaint and its papers filed with its TRO/PI Motion assert that GSK sued Apotex for patent infringement based on Apotex's ANDA and that following settlement the United States District Court for the District of New Jersey entered a Stipulation of Dismissal Pursuant

to Fed. R. Civ. P. 41 on May 25, 2005.[1]  In it, the parties referenced a separate agreement between themselves that Apotex's generic ondansetron tablets did not infringe GSK's '658 patent, and stipulated that the case be dismissed.  The court "So Ordered" the stipulation at the bottom and dismissed the case with prejudice.  Apotex thereafter sought a letter ruling from FDA that the Stipulation of Dismissal was a "court decision" within the meaning of 21 U.S.C. § 355(j)(5)(B)(iv), as it stood at the time of the ANDA filing, and that the 180-day marketing exclusivity period under that section was triggered and began to run from May 25, 2005.  The FDA ruled, however, that the approved stipulation of dismissal was not a "court decision" that triggered the 180-day exclusivity period.

The practical effect of FDA's letter ruling—and the impetus behind Apotex's instant action—is to allow FDA to determine that DRL is entitled to 180 days of marketing exclusivity upon the FDA's grant of DRL's ANDA for ondansetron tablets. The exclusivity period is extremely valuable, as Apotex acknowledges in its assertion that "an unwarranted 180-day head start for DRL would result in over $11.7 million in lost sales for Apotex in the first year alone."  TRO/PI Mot. at 14.  Granting Apotex's application would deny any exclusivity to DRL, thus directly affecting an important legal interest belonging to it.

DRL seeks to intervene on the side of the FDA in this lawsuit to protect its right under the challenged November 3 letter ruling to seek a 180-day marketing exclusivity period upon approval of their ANDA.

---

[1]  DRL accepts the statements and allegations contained in the Complaint and in Apotex's TRO/PI motion and supporting documents for purposes of this motion only.

## ARGUMENT

As the consent motion demonstrates, DRL is unquestionably entitled to intervene under Fed. R. Civ. P. Rule 24(a)(2) (intervention as of right), and its intervention would in any event be proper under Fed. R. Civ. P. 24(b)(2) (permissive intervention).

**A.    DRL Is Entitled To Intervene As Of Right.**

Under this Circuit's articulation of Rule 24(a)(2)[2], intervention must be allowed when the applicant can demonstrate:

> (1) The motion to intervene is timely;
>
> (2) The party has an interest in the property or transaction, which is the subject of the action;
>
> (3) The party may otherwise be impeded in protecting that interest; and
>
> (4) The party's interest is not adequately represented by the existing parties.

*See Fund for Animals, Inc. v. Norton,* 322 F.3d 728, 731 (D.C. Cir. 2003) (citing *Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1074 (D.C. Cir. 1998)).  DRL meets the standards for intervention, and its motion to intervene must therefore be granted.

**1.    DRL's Motion Is Timely.**

As an initial matter, there can be no doubt as to the timeliness of DRL's motion. DRL has moved to intervene prior to the filing of any motion or pleading other than the Complaint and TRO/PI Motion, and is fully prepared to meet any schedules the Court

---

[2] Rule 24(a)(2) provides as follows:

(a) INTERVENTION OF RIGHT. Upon timely application anyone shall be permitted to intervene in an action:

. . .

(2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

may set. DRL has also obtained agreement of the parties that it may file an answer on or

before the time set for Defendant's answer, and DRL has agreed to comply with the

Court's entered schedule and file its brief in response to Apotex's motion for preliminary

injunction on or before November 17, 2006. DRL's intervention will not delay the

resolution of this matter.

> **2.      DRL Has a Substantial Interest in the Subject Matter of the Litigation.**

Rule 24(a) refers to "legally protectable" interests that may support intervention

as of right.   As set out above, DRL has a legally protectable interest in preserving its

right to 180 days of marketing exclusivity after FDA approves its ANDA. The courts

have recognized that the interest test is primarily a practical guide to disposing of

lawsuits by involving as many apparently concerned persons as is compatible with

efficacy and due process. *See, e.g.*, *Cook v. Boorstin*, 763 F.2d 1462, 1466 (D.C. Cir.

1985).

Moreover, DRL's economic interest in the outcome of this litigation constitutes a

direct, significant, and legally protectable interest under Rule 24(a). *See Cascade*

*Natural Gas Corp. v. El Paso Natural Gas Co.*, 386 U.S. 129, 132-36 (1967). In similar

cases brought in this Court, this Court has allowed intervention when DRL had a

significant economic interest in the outcome of litigation over an FDA decision. *See,*

*e.g.*, *Pfizer, Inc. v. FDA*, No. 1:03-cv-02346 (D.D.C. April 6, 2004) (allowing DRL to

intervene in a challenge by a competitor to an NDA for a DRL product approved by

FDA).

**3.    Adverse Disposition of this Action Would Impair DRL's Ability to Protect Its Interests.**

DRL has a significant and compelling financial interest in the outcome of this proceeding.  If Apotex obtains its requested relief, DRL will be deprived of 180 days of marketing exclusivity for its generic product, which Apotex itself values in excess of $11.7 million.  DRL has invested substantial resources in being the first to file an ANDA for generic ondansetron tablets.  Denying it the right to market their product exclusively, as allowed by statute, would inflict substantial and irreparable harm to its immediate business position.  Denial of DRL's right to market generic ondansetron exclusively for 180 days would significantly reduce its expected short-term U.S. revenues.  It is entitled to intervene to defend against such an outcome.  DRL will not be able to protect these interests through means other than this lawsuit.

**4.    DRL's Interests Will Not be Adequately Protected by the Existing Parties.**

DRL also meets the requirement for intervention as of right in that the existing parties may not adequately represent its interests in this case.  DRL is not required to demonstrate that the interests of the existing parties are wholly adverse; it must demonstrate only that its different interests may preclude adequate representation of DRL's interests.  This burden should be treated as minimal.  *See Trbovich v. United Mine Workers of Am.,* 404 U.S. 528, 538 n.10 (1972).

DRL's interests in the present action will not be adequately protected by FDA.  FDA is a regulatory agency with jurisdiction over both DRL and Apotex.  FDA does not share DRL's economic stake in the outcome of this litigation, and FDA cannot be expected to safeguard DRL's distinct financial interests in the marketing of its generic

ondansetron tablets.  *See Dimond v. District of Columbia*, 792 F.2d 179, 192 (D.C. Cir.

1986) (governmental representation of the interests of private parties with a financial

stake in outcome of litigation deemed inadequate).  As the courts of this Circuit have

uniformly held, DRL, not FDA, is in the best position to protect those financial interests.

*See Trbovich*, 404 U.S. at 538-39; *Dimond*, 792 F.2d at 192; *Natural Res. Def. Council v.*

*Costle*, 561 F.2d 904, 912 n.41 (D.C. Cir. 1977).

**B.**    **If Intervention as of Right Is Denied, Permissive Intervention Should Be**
         **Granted.**

Should the Court deny intervention as of right, this Court should exercise its

discretion to allow permissive intervention under Rule 24(b)(2).  This rule

provides:

> Upon timely application anyone may be permitted to intervene in
> an action . . . when an applicant's claim or defense and the main
> action have a question of law or fact in common. . . . In exercising
> its discretion the court shall consider whether the intervention will
> unduly delay or prejudice the adjudication of the rights of the
> original parties.

DRL meets Rule 24(b)'s requirements for permissive intervention.  First, DRL's

motion is timely, brought prior to the filing of any motion or pleading other than the

complaint and papers for a PI and/or TRO.  Second, the federal defendants and DRL have

common positions with respect to Apotex's complaint.  Resolution of this suit turns on

whether FDA acted lawfully in ruling that the district court issued no "decision . . .

holding" GSK's patent to be invalid or not infringed by Apotex.  Further, both DRL and

FDA take issue with Apotex's allegations.

Moreover, Rule 24(b) does not even require a particular interest to justify

intervention, and the Supreme Court has observed that this Rule "plainly dispense[d] with

any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation." *SEC v. U.S. Realty & Improvement Co.*, 310 U.S. 434, 459 (1940).

Finally, judicial economy favors permissive intervention, and such intervention here will not delay or prejudice the current parties' adjudication of their rights. The current parties have in fact confirmed that by no objecting to DRL's motion. Allowing DRL to protect their interests in a common defense with FDA will avoid multiplicity of suits. A separate suit by DRL would require two courts to adjudicate the legality of FDA's letter ruling and creates the possibility of inconsistent results.

Finally, neither the federal defendants nor Apotex object to DRL's intervention.

## CONCLUSION

For the reasons stated above, the parties request that DRL be allowed to intervene as of right pursuant to Fed. R. Civ P. 24(a)(2). In the alternative, the parties request that this Court exercise its discretion to permit intervention under Fed. R. Civ. P. 24(b)(2). DRL also requests that it be allowed to file an answer at the time that the Defendants file their answer, per the parties' agreement.

November 13, 2006                    Respectfully Submitted,


_____/s/_____
John Longstreth, D.C. Bar No. 367047
Brian K. McCalmon, D.C. Bar No. 461196
PRESTON GATES ELLIS
    & ROUVELAS MEEDS LLP
1735 New York Avenue, N.W.
Suite 500
Washington, DC 20006-5209
(202) 628-1700
(202) 331-1024 (facsimile)


_____/s/_____
Andrew J. Miller
Stuart Sender
Bruce D. Radin
BUDD LARNER, P.C.
150 John F. Kennedy Parkway
Short Hills, New Jersey 07078-2703
(973) 379-4800
(973) 379-7734 (facsimile)

*Counsel for Proposed Intervenors-*
*Defendants Dr. Reddy's Laboratories, Ltd.*
*and Dr. Reddy's Laboratories, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

APOTEX INC.

        Plaintiff

        v.

FOOD & DRUG ADMINISTRATION, et al,

        Defendants,

    and

DR. REDDY'S LABORATORIES, LTD. and
DR. REDDY'S LABORATORIES, INC.,

        Proposed Intervenors-Defendants.
_____

Case No. 06-1890 (RMC)

**[PROPOSED] ORDER GRANTING INTERVENTION AS OF RIGHT**

This matter comes before the Court on a Consent Motion to Intervene as

Defendants filed November 13, 2006 by Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's

Laboratories, Inc. (together, "DRL") for intervention of right, or in the alternative,

permissive intervention, pursuant to Fed. R. Civ. P. 24.  The parties to this action consent

to the intervention by DRL and to the filing of DRL's answer by the date the Defendants'

answer is due, provided that DRL complies with the Court's entered schedule and files

any response to Plaintiff's motion for preliminary injunction on or before November 17,

2006.  Upon consideration of that Motion and the accompanying Memorandum of Points

and Authorities filed in support thereof, the Court finds that:

1.      DRL's Motion to Intervene as Defendants is timely.

2.      DRL claims legally protected interests relating to this matter.

2

3.      The disposition of this action may impair or impede DRL's ability to

protect those interests.

4.      The present parties to this action inadequately represent DRL's interests.

IT IS, THEREFORE, ORDERED that DRL be GRANTED intervention of right

in this action; and it is further

ORDERED that DRL shall file its answer by the same date on which the answer

of the Defendants is due, and that DRL shall file any response to Plaintiff's motion for

preliminary injunction on or before November 17, 2006.


Dated:_____          _____
                                     The Honorable Rosemary M. Collyer
                                     United States District Judge

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|                                                      |     |                        |
|------------------------------------------------------|-----|------------------------|
| APOTEX INC.                                          | )   |                        |
|                                                      | )   |                        |
|       Plaintiff        | )   |                        |
|                                                      | )   |                        |
|     v.                           | )   | Case No. 06-1890 (RMC) |
|                                                      | )   |                        |
| FOOD & DRUG ADMINISTRATION, et al,                   | )   |                        |
|                                                      | )   |                        |
|     Defendants,                  | )   |                        |
|                                                      | )   |                        |
|   and                                      | )   |                        |
|                                                      | )   |                        |
| DR. REDDY'S LABORATORIES, LTD. and                   | )   |                        |
| DR. REDDY'S LABORATORIES, INC.,                      | )   |                        |
|                                                      | )   |                        |
|     Proposed Intervenors-Defendants. | ) |                      |

_____)

**CERTIFICATE UNDER LCvR 7.1**

I, Brian McCalmon, counsel of record for Dr. Reddy's Laboratories, Ltd. and Dr.

Reddy's Laboratories, Inc. (together, "DRL"), certify that to the best of my knowledge

and belief, Dr. Reddy's Laboratories, Ltd. is the only company affiliated with DRL that

has outstanding securities in the hands of the public.  Dr. Reddy's Laboratories, Ltd. is

the parent company of DRL.

These representations are made in order that judges of this court may determine

the need for recusal.

2

Respectfully Submitted,


_____/s/_____
Brian K. McCalmon, D.C. Bar No. 46119
PRESTON GATES ELLIS
    & ROUVELAS MEEDS LLP
1735 New York Avenue, N.W.
Suite 500
Washington, DC 20006-5209
(202) 628-1700
(202) 331-1024 (facsimile)

*Counsel for Proposed Intervenors-Defendants Dr.
Reddy's Laboratories, Ltd. and Dr. Reddy's
Laboratories, Inc.*

2