## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

APOTEX, INC.
150 Signet Drive
Weston, Ontario, Canada

        Plaintiff,

   and

MUTUAL PHARMACEUTICAL CO., INC.
1100 Orthodox Street
Philadelphia, PA 19124

        Proposed Plaintiff Intervenor,

    -against-

FOOD AND DRUG ADMINISTRATION       Case No.  06-1890 (RMC)
5600 Fishers Lane
Rockville, MD  20857

MICHAEL O. LEAVITT
Secretary of Health and Human Services
200 Independence Avenue, SW
Washington, DC  20201

    and

ANDREW VON ESCHENBACH
Acting Commissioner of Food and Drugs
5600 Fishers Lane
Rockville, MD  20857

       Defendants.

## UNOPPOSED MOTION OF
## MUTUAL PHARMACEUTICAL COMPANY, INC. TO INTERVENE AS PLAINTIFF

        Mutual Pharmaceutical Company, Inc. ("Mutual") respectfully requests that this

Court permit it to intervene as a plaintiff in this lawsuit pursuant to Fed. R. Civ. P. 24.

In a Complaint dated November 6, 2006, Plaintiff Apotex, Inc. ("Apotex") sued the U.S. Food and Drug Administration ("FDA"), Michael O. Leavitt, Secretary of Health and Human Services, and Andrew von Eschenbach, Acting Commissioner of Food and Drugs (collectively, the "Federal Defendants") challenging the FDA's apparent refusal to award any 180-day exclusivity for ondansetron tablet ANDAs and seeking an injunction to prohibit the FDA from approving any Abbreviated New Drug Application ("ANDA") for ondansetron tablet ANDAs, including Mutual's ANDA.

Mutual now makes this timely motion to intervene to safeguard its substantial legal and economic interests in the outcome of this litigation. Those substantial interests will be impaired unless Mutual is permitted to participate. Plaintiff Apotex is a competitor of Mutual and cannot be expected to represent Mutual's economic interests.

Pursuant to Local Rule 7(m), counsel for Mutual has advised counsel for Apotex, the Federal Defendants, and Proposed Defendant Intervenors Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc. (collectively "Dr. Reddy's") that Mutual intends to seek the Court's leave to intervene. Counsel for Apotex, the Federal Defendants, and Dr. Reddy's each have stated that their clients do not oppose Mutual's motion.

In support of this motion, Mutual submits a Memorandum and a proposed Order.

DATED:     New York, New York
           November 16, 2006

                                QUINN EMANUEL URQUHART OLIVER &
                                     HEDGES, LLP


                                By:     _____/s/_____
                                        Andrew M. Berdon
                                        51 Madison Avenue, 22nd Floor
                                        New York, New York  10010
                                        (212) 849-7000


                                SCHIFF HARDIN, LLP


                                By:     _____/s/_____
                                        D. Christopher Ohly
                                        Jeffrey S. Jacobovitz
                                        1101 Connecticut Avenue, NW
                                        Suite 600
                                        Washington, DC  20036
                                        (202) 778-6400


                                Attorneys for Proposed Plaintiff Intervenor
                                     Mutual Pharmaceutical Company, Inc.

DC\ 7029834.1

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

APOTEX, INC.
150 Signet Drive
Weston, Ontario, Canada

        Plaintiff,

    and

MUTUAL PHARMACEUTICAL CO., INC.
1100 Orthodox Street
Philadelphia, PA 19124

        Proposed Plaintiff Intervenor,

    -against-

FOOD AND DRUG ADMINISTRATION       Case No. 06-1890 (RMC)
5600 Fishers Lane
Rockville, MD 20857

MICHAEL O. LEAVITT
Secretary of Health and Human Services
200 Independence Avenue, SW
Washington, DC 20201

    and

ANDREW VON ESCHENBACH
Acting Commissioner of Food and Drugs
5600 Fishers Lane
Rockville, MD 20857

        Defendants.

## MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION OF
## MUTUAL PHARMACEUTICAL COMPANY, INC. TO INTERVENE AS PLAINTIFF

        Mutual Pharmaceutical Company, Inc. ("Mutual") hereby moves this Court,

pursuant to Rule 24 of the Federal Rules of Civil Procedure and Rule 7(j) of the Local Civil

Rules of this Court, for an order allowing it to intervene as a plaintiff in this action. As

demonstrated below, Mutual has an immediate and compelling need to join in this action, and otherwise satisfies every requirement for intervention as a matter of right or, in the alternative, permissive intervention.

## I.    BACKGROUND

Proposed Plaintiff Intervenor Mutual Pharmaceutical Company, Inc., manufactures and markets generic pharmaceutical products.

Plaintiff Apotex, Inc. ("Apotex") filed this action under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 *et seq.,* the Administrative Procedures Act, 5 U.S.C. § 551 *et seq.,* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, against the U.S. Food and Drug Administration ("FDA"), the Commissioner of Food and Drugs, and the Secretary of the Department of Health and Human Services (collectively "the Federal Defendants") challenging, *inter alia*, FDA's refusal to acknowledge that there has been a "decision of a court" holding that U.S. Patent No. 5,344,658 (the "'658 Patent") was not infringed.  Apotex also seeks an injunction (1) setting aside FDA's administrative determination that there has been no "decision of a court" as arbitrary and capricious and contrary to law; (2) prohibiting FDA from awarding 180 days of statutory exclusivity to the owner of any Abbreviated New Drug Application ("ANDA") for ondansetron tablets; (3) requiring FDA to approve the Apotex ANDA for ondansetron tablets on December 24, 2006; and (4) requiring FDA to refrain from approving "any other ondansetron tablet ANDA until this determination is made and final approval is granted to Apotex."

Mutual is the owner of ANDA No. 76-628 for ondansetron hydrochloride tablets, 4 mg and 8 mg.  Ondansetron is the generic name for the active ingredient in the branded product Zofran® marketed by GlaxoSmithKline ("GSK").  On November 8, 2006, Mutual received notice that the FDA would not acknowledge that the dismissal of a declaratory judgment action

brought by Mutual against GSK and the owner of the '658 patent was a "court decision" within the meaning of the Federal Food Drug and Cosmetic Act ("FFDCA"). Unless overturned by this Court, FDA's determination will have the effect of delaying Mutual's entry into the market for generic versions of Zofran® for at least 180 days, and possibly longer.

Counsel for Apotex has stated that Apotex does not oppose Mutual's motion provided that Mutual does not request a change to the proposed briefing schedule filed with the Court on November 7, 2006. Counsel to the Federal Defendants and to Proposed Defendant Intervenors Dr. Reddy's Laboratories Inc. and Dr. Reddy's Laboratories, Co. have similarly stated that the their respective clients do not oppose Mutual's motion to intervene.

## II.    ARGUMENT

This motion for leave to intervene meets the requirements of both Rule 24(a)(2) (intervention as of right) and Rule 24(b)(2) (permissive intervention) of the Federal Rules of Civil Procedure.

### A.    Mutual Should Be Permitted To Intervene As Of Right

Rule 24(a)(2) provides as follows:

(a) INTERVENTION OF RIGHT.  Upon timely application anyone shall be permitted to intervene in an action:

*** 

(2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

As the Court of Appeals for the District of Columbia has explained on many occasions, "parties have the right under Rule 24(a)(2) to intervene in an action if they meet four requirements:  (1) the application to intervene is timely; (2) the applicant has demonstrated a

legally protected interest in the action; (3) the action threatens to impair that interest; and (4) no party to the action can be an adequate representative of the applicant's interests.  *See Smoke v. Norton*, 252 F.3d 468, 470 (D.C. Cir. 2001); *Mova Pharm. Corp.  v. Shalala*, 140 F.3d 1060, 1074 (D.C. Cir. 1998); *Cook v. Boorstin*, 763 F.2d 1462, 1466-67 (D.C. Cir. 1985); *Foster v. Gueory*, 655 F.2d 1319,1323-24 (D.C. Cir. 1981); *Nuesse v. Camp*, 385 F.2d 694,699 (D.C. Cir. 1967).

### 1.     <u>Mutual's Motion Is Timely</u>

As an initial matter, there can be no doubt as to the timeliness of Mutual's motion. Mutual filed this motion within 10 days after Apotex filed suit and well before any defendant has answered or otherwise responded to the Complaint.  While Mutual understands that Apotex and the Federal Defendants have agreed to a proposed briefing schedule that would preclude Mutual from filing its own brief in support of a motion for a preliminary injunction, Mutual is prepared to meet any schedules set by this Court and to timely file all necessary pleadings.  Thus, participation by Mutual is timely and will cause no delay in the resolution of this case.

### 2.     <u>Mutual Has A Substantial Interest In The Litigation</u>

Mutual has a substantial interest in this action because it is committed to the earliest possible lawful launch of its generic ondansetron tablets and FDA's action will unlawfully delay approval of Mutual's ANDA.  The interest test is "primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficacy and due process."  *Cook*, 763 F.2d at 1466 (quoting *Nuesse*, 385 F.2d at 700).  While there is no clear definition of the nature of the "interest relating to the property or transaction which is the subject of the action" required for intervention of right, *see* 7C Charles A. Wright et al., *Federal Practice and Procedure: Civil 2d* § 1908 (1986), under the law of this Circuit, a movant's economic or pecuniary interest in the outcome of the litigation constitutes a direct,

significant legally protectable interest pursuant to Rule 24(a). *See Cascade Natural Gas Corp. v. El Paso Natural Gas Co.*, 386 U.S. 129,132-36 (1967); *Smuck v. Hobson*, 408 F.2d 175, 178-79 (D.C. Cir. 1969).

      Drug manufacturers' challenges to FDA decisions regarding generic drug approvals under the FDCA are becoming common. In cases such as these, courts have routinely allowed competing drug manufacturers to intervene in actions involving FDA drug approval decisions and drug marketing exclusivity decisions so that the manufacturers may protect their unique and significant legal interests in their own drug products. *See e.g., Purepac Pharm. Co. v. Friedman*, 162 F.3d 1201, 1202 n.2 (D.C. Cir. 1998); *Mova*, 140 F.3d at 1074-76; *Mylan Pharm. Inc. v. Shalala*, 81 F. Supp. 2d 30, 34 (D.D.C. 2000); *Berlex Labs., Inc. v. FDA*, 942 F. Supp. 19 (D.D.C. 1996).[1]

      Here, there can be no dispute that Mutual has a substantial, legally protectable, financial interest in the outcome of this proceeding.

### 3. Adverse Disposition Of This Action Will Impair The Ability Of Mutual To Protect Its Interest

      To intervene as a matter of right, Mutual must also show that an unfavorable disposition of the action may practically impair or impede its ability to protect its interest in the litigation. *Alternative Research & Dev. Found. v. Venernan*, 262 F.3d 406, 411 (D.C. Cir. 2001); *Mova*, 140 F.3d at 1074; *Cook*, 763 F.2d at 1466-67. The D.C. Circuit test and Fed. R.

---

[1] The courts have consistently held that industry parties may intervene in a lawsuit that seeks to invalidate a regulatory action that affects the industry's economic interests. *See United States v. American Tel. & Tel*, 642 F.2d 1285 (D.C. Cir. 1980) (rival telephone company permitted to intervene as of right regarding subject of discovery action); *Natural Res. Def. Council v. Castle*, 561 F.2d 904 (D.C. Cir. 1977) (industry parties permitted to intervene as of right in the judicial review of settlement agreement between the Environmental Protection Agency and consumer groups, since regulatory actions under the settlement will affect industry).

Civ. P. 24 are satisfied if the intervenor is so situated that disposition of its interest in the litigation may, as a practical matter, impede its ability to protect that interest. *Mova*, 140 F.3d at 1074; *Cook*, 763 F.2d at 1466-67; Fed. R. Civ. P. 24(a)(2). The prejudice and harm to Mutual if FDA prevails is clear. Resolution of this action will require the Court to interpret the FDCA and decide whether FDA may lawfully approve an ANDA for ondansetron tablets. A ruling favorable to FDA will allow FDA to persist in its refusal to approve Mutual's ANDA unless and until there is some other event that triggers exclusivity attached to the '658 patent, and this Court's decision would likely be cited as precluding litigation of a claim by Mutual against FDA on the same facts. Thus, if Mutual's interests were not represented in this action, Mutual could suffer severe prejudice to its economic interests, for which it would have no legal recourse.

Because Mutual's ability to protect its interest in its ANDA for ondansetron tablets will, as a practical matter, be severely impaired or impeded by the disposition of this action without its participation, Mutual should be permitted by this Court to intervene as of right.

### 4.    Mutual's Interests Will Not Be Adequately Protected By Apotex

Apotex, a competitor of Mutual's, may not adequately protect Mutual's interests in the present action. The burden of this showing is "minimal." *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972). Mutual "need only show that representation of [its] interest 'may be' inadequate, not that representation will in fact be inadequate." *Dimond v. District of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986).

While Apotex and Mutual appear to share the same goal--challenging FDA's interpretation of the FDCA--their respective interests, and the facts giving rise to their respective claims are different. Apotex was sued by GSK, and GSK withdrew its claims and admitted non-infringement of the '658 patent after having triggered the statutory 30-month stay of approval

provided in the FFDCA.  Mutual, on the other hand, obtained its decision of non-infringement

after suing GSK under the Declaratory Judgment Act.  Apotex, argues, correctly, that a "court

decision" sufficient to relieve it of the burden associated with a 30-month stay of FDA approval

should also be sufficient to trigger any exclusivity associated with the '658 Patent.  But Apotex's

situation does not require it to argue that the dismissal of Mutual's declaratory judgment action

should have the same effect.  Only Mutual is in the position to make that argument.

### B.    If Intervention As Of Right Is. Denied, Permissive Intervention Should Be Granted

Intervention as of right is appropriate here.  If, however, this Court should rule to

the contrary, Mutual requests that this Court exercise its discretion to allow permissive

intervention.

Federal Rule of Civil Procedure 24(b)(2) provides:

(b) PERMISSIVE INTERVENTION.  Upon timely application
anyone may be permitted to intervene in an action:

***

(2) when an applicant's claim or defense and the main action have
a question of law or fact in common . . . .  In exercising its
discretion, the court shall consider whether the intervention will
unduly delay or prejudice the adjudication of the rights of the
original parties.

Mutual meets Rule 24(b)'s requirements for permissive intervention.  First,

Mutual's motion is timely, brought within 10 days after Apotex filed its motion for a preliminary

injunction, and Mutual has agreed that its intervention would not require any modification to the

schedule for briefing Apotex's pending motion for a preliminary injunction.  Second, both

Mutual and the existing parties have common questions of law or fact.  Resolution of this suit

turns upon the validity of FDA's interpretation of the FDCA.  Those questions are common

regardless of whether Mutual or the existing parties assert them.

The decision to grant permissive intervention is a discretionary one. The principal consideration of this Court is whether intervention of another party will unduly delay or prejudice the adjudication of the rights of the existing parties. *Nuesse*, 385 F.2d at 704. Mutual's participation will not delay these proceedings. The absence of any prejudice to the parties "serves to encourage the court to exercise its discretion to allow intervention." 7C Charles A. Wright et al., *Federal Practice and Procedure: Civil 2d* § 1913 (1986).

Other factors weigh heavily in favor of granting intervention. Rule 24(b) does not require any particular interest to justify intervention. Thus, when--as here--the proposed intervenor has a tangible economic interest to be protected, permissive intervention is often appropriate. 7C Charles A. Wright et al., *Federal Practice and Procedure: Civil 2d* § 1913 (1986). In addition, should intervention be denied, Mutual would have to commence separate litigation to protect its interests, thereby creating a multiplicity of lawsuits. This needless duplication of suits is precisely the evil Rule 24 was designed to eliminate. *See e.g., Natural Res. Def. Council*, 561 F.2d at 910-11.

Mutual, therefore, urges the Court to exercise its discretion and grant it leave to intervene in this action.

## III.    CONCLUSION

For the reasons stated above, Mutual should be allowed to intervene as of right under Rule 24(a)(2). If the intervention of right is not granted, Mutual asks this Court to exercise its discretion to permit intervention under Rule 24(b)(2).

DATED:      New York, New York
            November 16, 2006

                              QUINN EMANUEL URQUHART OLIVER &
                                  HEDGES, LLP


                              By:    _____/s/_____
                                  Andrew M. Berdon
                                  51 Madison Avenue, 22nd Floor
                                  New York, New York  10010
                                  (212) 849-7000


                              SCHIFF HARDIN, LLP


                              By:    _____/s/_____
                                  D. Christopher Ohly
                                  Jeffrey S. Jacobovitz
                                  1101 Connecticut Avenue, NW
                                  Suite 600
                                  Washington, DC  20036
                                  (202) 778-6400

                              Attorneys for Proposed Plaintiff Intervenor
                                  Mutual Pharmaceutical Company, Inc.


DC\ 7029848.1


                                        9

# Attachment 1

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

APOTEX INC.,
150 Signet Drive
Weston, Ontario, Canada

        Plaintiff,

   and

MUTUAL PHARMACEUTICAL CO., INC.
1100 Orthodox Street
Philadelphia, PA 19124

        Proposed Plaintiff Intervenor,

   -against-

FOOD AND DRUG ADMINISTRATION          Case No.  06-1890 (RMC)
5600 Fishers Lane
Rockville, MD  20857

MICHAEL O. LEAVITT
Secretary of Health and Human Services
200 Independence Avenue, SW
Washington, DC  20201

   and

ANDREW VON ESCHENBACH
Acting Commissioner of Food and Drugs
5600 Fishers Lane
Rockville, MD  20857

        Defendants.

## CORPORATE DISCLOSURE STATEMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 7.1

Pursuant to Federal Rule of Civil Procedure 7.1, Proposed Plaintiff Intervenor Mutual Pharmaceutical Company, Inc. hereby states that it has no parent corporation and that no publicly traded company owns 10% or more of its stock.


DATED:        New York, New York
              November 16, 2006

                                QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES, LLP


                                By:    _____/s/_____
                                       Andrew M. Berdon
                                       51 Madison Avenue, 22nd Floor
                                       New York, New York  10010
                                       (212) 849-7000


                                SCHIFF HARDIN, LLP


                                By:    _____/s/_____
                                       D. Christopher Ohly
                                       Jeffrey S. Jacobovitz
                                       1101 Connecticut Avenue, NW
                                       Suite 600
                                       Washington, DC  20036
                                       (202) 778-6400


                                Attorneys for Proposed Plaintiff Intervenor
                                    Mutual Pharmaceutical Company, Inc.

DC\ 7029833.1

# Attachment 2

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

APOTEX, INC.
150 Signet Drive
Weston, Ontario, Canada

        Plaintiff,

    and

MUTUAL PHARMACEUTICAL CO., INC.
1100 Orthodox Street
Philadelphia, PA 19124

        Proposed Plaintiff Intervenor,

    -against-

FOOD AND DRUG ADMINISTRATION        Case No.  06-1890 (RMC)
5600 Fishers Lane
Rockville, MD  20857

MICHAEL O. LEAVITT
Secretary of Health and Human Services
200 Independence Avenue, SW
Washington, DC  20201

    and

ANDREW VON ESCHENBACH
Acting Commissioner of Food and Drugs
5600 Fishers Lane
Rockville, MD  20857

        Defendants.

## CERTIFICATE REQUIRED BY LCVR 7.1 OF THE LOCAL RULES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

       I, the undersigned, counsel of record for Mutual Pharmaceutical Company, Inc.

("Mutual"), certify that to the best of my knowledge and belief, the following are parent

companies, subsidiaries or affiliates of Mutual which have any outstanding securities in the hands of the public:

[None]

These representations are made in order that the judges of this court may determine the need for recusal.

DATED:       New York, New York
             November 16, 2006

QUINN EMANUEL URQUHART OLIVER &
     HEDGES, LLP

By:       _____/s/_____
          Andrew M. Berdon
          51 Madison Avenue, 22nd Floor
          New York, New York  10010
          (212) 849-7000

SCHIFF HARDIN, LLP

By:       _____/s/_____
          D. Christopher Ohly
          Jeffrey S. Jacobovitz
          1101 Connecticut Avenue, NW
          Suite 600
          Washington, DC  20036
          (202) 778-6400

Attorneys for Proposed Plaintiff Intervenor
     Mutual Pharmaceutical Company, Inc.

DC\ 7029849.1

**UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA**

| | |
|---|---|
| APOTEX INC.,<br>150 Signet Drive<br>Weston, Ontario, Canada<br><br>        Plaintiff,<br><br>        and<br><br>MUTUAL PHARMACEUTICAL, CO., INC.<br>1100 Orthodox Street<br>Philadelphia, PA 19124<br><br>        Proposed Plaintiff Intervenor,<br><br>  -against-<br><br>FOOD AND DRUG ADMINISTRATION<br>5600 Fishers Lane<br>Rockville, MD  20857<br><br>MICHAEL O. LEAVITT<br>Secretary of Health and Human Services<br>200 Independence Avenue, SW<br>Washington, DC  20201<br><br>        and<br><br>ANDREW VON ESCHENBACH<br>Acting Commissioner of Food and Drugs<br>5600 Fishers Lane<br>Rockville, MD  20857<br><br>        Defendants. | Case No.  06-1890 (RMC) |

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 16th day of November, 2006, copies of the following

pleadings were served by United States mail, first class and postage prepaid and in accordance

with the electronic filing rules of this Court, upon the following persons:

Pleadings

1.      Unopposed Motion of Mutual Pharmaceutical Company, Inc. to Intervene as Plaintiff;

2.      Memorandum in Support of Unopposed Motion of Mutual Pharmaceutical Company, Inc. to Intervene as Plaintiff;

3.      Proposed Order Granting Mutual Pharmaceutical Company, Inc.'s Unopposed Motion to Intervene as a Plaintiff;

4.      Corporate Disclosure Statement Pursuant to Federal Rule of Civil Procedure 7.1; and

5.      Certificate Required by LCVR 7.1 of the Local Rules of the United States District Court   for the District of Columbia

Served Persons

Michael O. Leavitt
Secretary of Health and Human Services
200 Independence Avenue, SW
Washington, DC  20204

Andrew C. Von Eschenbach
Acting Commissioner of Food and Drug Administration
5600 Fishers Lane
Rockville, MD  20857

Wendy S. Vicente
Food and Drug Administration
5600 Fishers Lane
Rockville, MD  20857

Alberto R. Gonzales
Attorney General of the United States of America
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC  20530-0001

Andrew E. Clark
Office of Consumer Litigation
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Kenneth L. Wainstein
United States Attorney for the District of Columbia
555 4th Street, NW
Washington, DC  20530

Arthur Y. Tsien
Olsson, Frank and Weeda, PC
1400 16th Street, NW
Suite 400
Washington, DC  20036-2220
*Attorney for Plaintiff, Apotex, Inc.*

William A. Rakoczy
Christine J. Siwik
Alice L. Riechers
Rakoczy Molino Mazzochi Siwik LLP
6 West Hubbard Street, Suite 500
Chicago, Illinois 60610
*Of Counsel for Apotex, Inc.*

John Longstreth
Brian Keith McCalmon
Preston Gates Ellis & Rouvelas Meeds, LLP
1735 New York Avenue, NW
Suite 500
Washington, DC  20006
*Attorneys for Intervenor Defendant*
*Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc.*

Andrew J. Miller
Bruce D. Radin
Stuart D. Sender
Budd Larner, P.C.
150 John F. Kennedy Parkway
Short Hills, NJ  07078-2703
*Of Counsel for Intervenor Defendant*
*Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc.*

_____/s/_____
D. Christopher Ohly

DC\ 7029851.1

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

APOTEX INC.,
150 Signet Drive
Weston, Ontario, Canada

       Plaintiff,

       and

MUTUAL PHARMACEUTICAL, CO., INC.
1100 Orthodox Street
Philadelphia, PA 19124

       Proposed Plaintiff Intervenor,

     -against-

FOOD AND DRUG ADMINISTRATION
5600 Fishers Lane
Rockville, MD  20857

MICHAEL O. LEAVITT
Secretary of Health and Human Services
200 Independence Avenue, SW
Washington, DC  20201

       and

ANDREW VON ESCHENBACH
Acting Commissioner of Food and Drugs
5600 Fishers Lane
Rockville, MD  20857

       Defendants.

Case No.  06-1890 (RMC)

## [PROPOSED] ORDER GRANTING MUTUAL PHARMACEUTICAL COMPANY, INC.'S UNOPPOSED MOTION TO INTERVENE AS A PLAINTIFF

      This matter comes before the Court on the Unopposed Motion to Intervene as Plaintiffs,

filed November __, 2006, by Mutual Pharmaceutical Company, Inc. ("Mutual") pursuant to Fed.

R. Civ. P. 24.  The parties to this action consent to the intervention by Mutual.  Upon

consideration of Mutual's Motion and accompanying Memorandum, this Court, upon good cause

shown, hereby ORDERS that Mutual's Unopposed Motion to Intervene as a Plaintiff is

GRANTED.

     IT IS SO ORDERED.


November ___, 2006   _____

                             Honorable Rosemary M. Collyer
                             United States District Judge


     COPIES TO:

        Michael O. Leavitt
        Secretary of Health and Human Services
        200 Independence Avenue, SW
        Washington, DC  20204

        Andrew C. Von Eschenbach
        Acting Commissioner of Food and Drug Administration
        5600 Fishers Lane
        Rockville, MD  20857

        Wendy S. Vicente
        Food and Drug Administration
        5600 Fishers Lane
        Rockville, MD  20857

        Alberto R. Gonzales
        Attorney General of the United States of America
        United States Department of Justice
        950 Pennsylvania Avenue, NW
        Washington, DC  20530-0001

        Andrew E. Clark
        Office of Consumer Litigation
        United States Department of Justice
        950 Pennsylvania Avenue, NW
        Washington, DC 20530-0001

Kenneth L. Wainstein
United States Attorney for the District of Columbia
555 4th Street, NW
Washington, DC  20530

Arthur Y. Tsien
Olsson, Frank and Weeda, PC
1400 16th Street, NW
Suite 400
Washington, DC  20036-2220
*Attorney for Plaintiff, Apotex, Inc.*

William A. Rakoczy
Christine J. Siwik
Alice L. Riechers
Rakoczy Molino Mazzochi Siwik LLP
6 West Hubbard Street, Suite 500
Chicago, Illinois 60610
*Of Counsel for Apotex, Inc.*

John Longstreth
Brian Keith McCalmon
Preston Gates Ellis & Rouvelas Meeds, LLP
1735 New York Avenue, NW
Suite 500
Washington, DC  20006
*Attorneys for Intervenor Defendant*
*Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc.*

Andrew J. Miller
Bruce D. Radin
Stuart D. Sender
Budd Larner, P.C.
150 John F. Kennedy Parkway
Short Hills, NJ  07078-2703
*Of Counsel for Intervenor Defendant*
*Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc.*

Andrew M. Berdon
Quinn Emanuel Urquhart Oliver & Hedges, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
*Attorneys for Proposed Intervenor Plaintiff*
*Mutual Pharmaceutical Company, Inc.*

Jeffrey Jacobovitz
D. Christopher Ohly
Schiff Hardin LLP
1101 Connecticut Avenue, N.W.
Suite 600
Washington, D.C. 20036
*Of Counsel for Proposed Intervenor Plaintiff*
*Mutual Pharmaceutical Company, Inc.*

DC\ 7029847.1