## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| APOTEX INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| and | ) |
| | ) |
| MUTUAL PHARMACEUTICAL CO., INC. | ) |
| | ) |
| Intervenor-Plaintiff, | ) |
| | ) |
| v. | )     Civil Action No. 06-1890 (RMC) |
| | ) |
| FOOD AND DRUG ADMINISTRATION, | ) |
| *et al.*, | ) |
| | ) |
| Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| DR. REDDY'S LABORATORIES, LTD., | ) |
| *et al.*, | ) |
| | ) |
| Intervenors-Defendants. | ) |
| | ) |

### FEDERAL DEFENDANTS' ANSWER

The United States Food and Drug Administration ("FDA"), Michael O. Leavitt, Secretary of Health and Human Services, and Andrew von Eschenbach, Commissioner of Food and Drugs (collectively, the "federal defendants"), as their answer to plaintiff's complaint, state as follows:

FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

Answering specifically the numbered paragraphs of the complaint, the federal defendants state as follows:

1.      Admit that plaintiff's complaint seeks declaratory and injunctive relief, and aver that paragraph 1 sets forth plaintiff's characterization of this lawsuit and conclusions of law, and not allegations of fact to which a response is required, but if a response is required, deny.

2.      Admit that FDA has refused to approve Apotex's ondansetron tablet ANDA due to another applicant's eligibility for 180-day exclusivity.  Admit that FDA issued an administrative letter ruling on November 3, 2006 concluding that there had been no court decision trigger of exclusivity and refer the Court to that letter (AR Tab 3) for a full and complete statement of its contents.  Deny the remaining allegations in paragraph 2.

3.      Deny.

4.      Admit.

5.      Admit.

6.      Admit sentences 1, 2, and 4, except to aver that defendant von Eschenbach was confirmed as FDA Commissioner on December 7, 2006.  With respect to sentence 3, admit that the Secretary of Health and Human Services has redelegated to the Commissioner of Food and Drugs the functions vested in the Secretary under the Federal Food, Drug, and Cosmetic Act.

7.      Aver that paragraph 7 sets forth legal conclusions to which the federal defendants are not required to plead.

8.      Aver that paragraph 8 sets forth legal conclusions to which the federal defendants are not required to plead.

9.      Aver that paragraph 9 sets forth legal conclusions to which the federal defendants are not required to plead.

10.      Aver that paragraph 10 sets forth legal conclusions to which the federal

defendants are not required to plead.

11.     Aver that paragraph 11 sets forth legal conclusions to which the federal defendants are not required to plead, but if a response is required, deny.

12.     Aver that paragraph 12 sets forth legal conclusions to which the federal defendants are not required to plead, and refer the Court to the cited statutory provision for a full and complete statement of its contents.

13.     Aver that paragraph 13 sets forth legal conclusions to which the federal defendants are not required to plead, and refer the Court to the cited statutory provisions and regulation for a full and complete statement of their contents.

14.     Aver that paragraph 14 sets forth legal conclusions to which the federal defendants are not required to plead, and refer the Court to the cited statutory provision for a full and complete statement of its contents.

15.     Aver that paragraph 15 sets forth legal conclusions to which the federal defendants are not required to plead, and refer the Court to the cited statutory provision for a full and complete statement of its contents.

16.     Aver that paragraph 16 sets forth legal conclusions to which the federal defendants are not required to plead, and refer the Court to the cited statutory provision for a full and complete statement of its contents.

17.     Aver that paragraph 17 sets forth legal conclusions to which the federal defendants are not required to plead, and refer the Court to the cited statutory provisions for a full and complete statement of their contents.

18.     Aver that paragraph 18 sets forth legal conclusions to which the federal

defendants are not required to plead, and refer the Court to the cited statutory provision for a full and complete statement of its contents.

19.     Aver that paragraph 19 sets forth legal conclusions to which the federal defendants are not required to plead, and refer the Court to the cited statutory provision for a full and complete statement of its contents.

20.     Aver that paragraph 20 sets forth legal conclusions to which the federal defendants are not required to plead, and refer the Court to the cited statutory provision for a full and complete statement of its contents.

21.     Aver that paragraph 21 sets forth legal conclusions to which the federal defendants are not required to plead.

22.     Aver that paragraph 22 sets forth legal conclusions to which the federal defendants are not required to plead, and refer the Court to the cited statutory provision for a full and complete statement of its contents, but if a response is required, deny.

23.     Admit that FDA has treated orders dismissing patent litigation brought under 35 U.S.C. § 271(e)(2)(A) as sufficient to terminate a 30-month stay of FDA approval, and refer the Court to the relevant statutory provision, 21 U.S.C. § 355(j)(5)(B)(iii)(I), for a full and complete statement of its contents.

24.     Admit, and refer the Court to the FDA-approved labeling for Zofran for a full and complete statement of the drug's indications for use.

25.     Admit.

26.     Aver that paragraph 26 sets forth legal conclusions to which the federal defendants are not required to plead.  Admit that no ANDA applicants are eligible for exclusivity

4

as to the '578, '628, and '789 patents.

27.    Admit that DRL submitted the first ANDA for ondansetron tablets in the 4mg and 8mg strengths that contained a paragraph IV certification to the '658 patent.  Admit that DRL's application was not eligible for approval until December 24, 2006.

28.    Admit, except to aver that Apotex is not eligible for approval until the 180-day exclusivity applicable to DRL's application expires.

29.    Admit that FDA has received documentation from Apotex reflecting that Apotex has provided notice of its ANDA and paragraph IV certification to GSK.

30.    Admit sentence 1.  Admit that the filing of GSK's lawsuit resulted in a 30-month stay of approval of Apotex's ANDA under 21 U.S.C. § 355(j)(5)(B)(iii) (2006) and refer the Court to that statute for a full and complete statement of its contents.

31.    Admit that on May 25, 2005, the district court signed a "Stipulation of Dismissal Pursuant to Fed. R. Civ. P. 41" between Apotex and GSK, and refer the Court to the stipulation (AR Tab 1, Ex. E) for a full and complete statement of its contents.

32.    Admit.

33.    Admit that Apotex submitted a copy of the GSK-Apotex Stipulation of Dismissal to FDA by letter dated June 1, 2005.

34.    Admit that FDA terminated the 30-month stay of approval of Apotex's ANDA upon the entry of the GSK-Apotex Stipulation of Dismissal.  Deny the remaining allegations of paragraph 34.

35.    Deny.

36.    Admit that Apotex's August 31, 2005 letter sought confirmation that the GSK-

Apotex Stipulation of Dismissal triggered 180-day exclusivity for ondansetron and that Apotex's ANDA would be eligible for final approval on December 24, 2006, and refer the Court to the referenced letter (AR Tab 1) for a full and complete statement of its contents.

37.    Admit.

38.    Admit that Apotex's August 29, 2006 letter again sought confirmation that the GSK-Apotex Stipulation of Dismissal triggered 180-day exclusivity for ondansetron and that Apotex's ANDA would be eligible for final approval on December 24, 2006, and refer the Court to the referenced letter (AR Tab 2) for a full and complete statement of its contents.

39.    Deny.

40.    Admit.

41.    Admit that FDA issued an administrative letter ruling on November 3, 2006 indicating, *inter alia*, that exclusivity might delay approval of Apotex's ANDA and refer the Court to that letter (AR Tab 3) for a full and complete statement of its contents.

42.    Admit that FDA's November 3, 2006, administrative letter ruling concluded that the May 25, 2005 GSK-Apotex Stipulation of Dismissal was not a triggering court decision and refer the Court to that letter (AR Tab 3) for a full and complete statement of its contents.

43.    Admit that, on December 26, 2006,  FDA approved DRL's ondansetron ANDA with 180-day exclusivity.

44.    Deny.

45.    Aver that paragraph 45 sets forth legal conclusions to which the federal defendants are not required to plead.

46.    Admit that FDA sent Apotex a tentative approval letter on December 19, 2006,

and deny the remaining allegations in paragraph 46.

  47. Deny.

  48. Deny.

  49. Deny.

  50. Admit.

  51. Admit.

  52. The federal defendants incorporate by reference their responses to paragraphs 1-51.

  53. Deny.

  54. Admit that FDA's November 3, 2006 letter to Apotex is final agency action that is subject to judicial review.  Deny the remaining allegations in paragraph 54.

  55. Deny.

  56. Admit.

  57. Admit.

  58. Aver that the federal defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 58.

  59. The federal defendants incorporate by reference their responses to paragraphs 1-58.

  60. Admit that FDA's November 3, 2006 letter to Apotex is final agency action that is subject to judicial review.

  61. Deny.

  62. Aver that the federal defendants are without information or knowledge sufficient

to form a belief as to the truth of the allegations in paragraph 62.

      63.     Deny.

      64.     Deny the first sentence in paragraph 64.  Aver that the remainder of paragraph 64 sets forth plaintiff's prayer for relief to which no response is required, but if a response is required, deny that plaintiff is entitled to the requested relief.

      The federal defendants hereby specifically deny all of the allegations of the complaint not expressly admitted.  The federal defendants, having fully answered plaintiff's complaint, pray that this action be dismissed with prejudice, and that they be granted their costs and other relief as may be appropriate.

Respectfully submitted,

OF COUNSEL:

DANIEL MERON
*General Counsel*

SHELDON T. BRADSHAW
*Associate General Counsel*
*Food and Drug Division*

ERIC M. BLUMBERG
*Deputy Chief Counsel, Litigation*

WENDY S. VICENTE
*Associate Chief Counsel*
*United States Department of*
  *Health and Human Services*
*Office of the General Counsel*
*5600 Fishers Lane*
*Rockville, MD  20857*

PETER D. KEISLER
*Assistant Attorney General*

EUGENE M. THIROLF
*Director*
*Office of Consumer Litigation*

          /s/
ANDREW E. CLARK
*Attorney*
*Office of Consumer Litigation*
*Civil Division, U.S. Department of Justice*
*P.O. Box 386*
*Washington, D.C. 20044*
*Tel:  (202) 307-0067*
*Fax: (202) 514-8742*
andrew.clark@usdoj.gov

Dated: January 18, 2007

8

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Answer to be served via the District Court's Electronic Filing System (ECF) upon:

Arthur Y. Tsien
OLSSON, FRANK AND WEEDA, P.C.
1400 16th Street, NW, Suite 400
Washington, D.C.  20036-2220
*Counsel for Plaintiff Apotex Inc.*

William A. Rakoczy
Christine J. Siwik
Alice L. Riechers
RAKOCZY MOLINO MAZZOCHI SIWIK LLP
6 West Hubbard Street
Suite 500
Chicago, IL 60610
*Counsel for Plaintiff Apotex Inc.*

John Longstreth
Brian K. McCalmon
PRESTON GATES ELLIS & ROUVELAS MEEDS LLP
1735 New York Avenue, N.W.
Suite 500
Washington, DC 20006-5209
*Counsel for Intervenors-Defendants Dr. Reddy's Laboratories, Ltd. et al.*

Andrew J. Miller
Stuart Sender
Bruce D. Radin
BUDD LARNER P.C.
150 John F. Kennedy Parkway
Short Hills, NJ 07078-2703
*Counsel for Intervenors-Defendants Dr. Reddy's Laboratories, Ltd. et al.*

Jeffrey S. Jacobovitz
SCHIFF HARDIN LLP
1101 Connecticut Avenue, N.W.
Suite 600
Washington, D.C. 20036
*Counsel for Intervenor-Plaintiff Mutual Pharmaceutical Co., Inc.*

Andrew Berdon
Quinn Emanuel Urquhart Oliver & Hedges, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
*Counsel for Intervenor-Plaintiff Mutual Pharmaceutical Co., Inc.*

this 18th day of January, 2007.

_____/s/_____
Andrew E. Clark