IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| APOTEX INC. | ) |
| Plaintiff | ) |
| and | ) |
| MUTUAL PHARMACEUTICAL CO., INC. | ) |
| Intervenor-Plaintiff, | ) |
| v. | ) Case No. 06-1890 (RMC) |
| FOOD & DRUG ADMINISTRATION, et al, | ) |
| Defendants, | ) |
| and | ) |
| DR. REDDY'S LABORATORIES, LTD., | ) |
| and | ) |
| DR. REDDY'S LABORATORIES, INC. | ) |
| Intervenors-Defendants. | ) |

**INTERVENORS-DEFENDANTS DR. REDDY'S LABORATORIES, LTD.'S AND DR. REDDY'S LABORATORIES, INC.'S ANSWER**

Intervenors-Defendants Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc. (collectively "DRL"), as their answer to plaintiff's and intervenor-plaintiff's complaint, state as follows:

FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

Answering specifically the numbered paragraphs of the complaint, DRL states as follows:

1. Admits that plaintiffs' complaint seeks declaratory and injunctive relief, and avers that paragraph 1 sets forth plaintiffs' characterization of this lawsuit and conclusions of law, and not allegations of fact to which a response is required, but if a response is required, denies.

2. Avers that DRL is without knowledge or information sufficient to form a belief as to the truth of the allegations in sentence 1, admits that FDA issued an administrative letter ruling on November 3, 2006 concluding that there had been no court decision trigger of exclusivity and refers the Court to that letter for a full and complete statement of its contents. Denies the remaining allegations in paragraph 2.

3. Denies the statements of paragraph 3 and of each subparagraph thereof.

4. Admits sentence 1. Denies the remaining allegations in paragraph 4.

5. States that the complaint purports to sue defendant Michael O. Leavitt in his official capacity and, based on information and belief, admits the remaining allegations in paragraph 5.

6. Based on information and belief, admits sentences 1, 2, and 4, except to aver, based on information and belief, that defendant von Eschenbach was confirmed as FDA Commissioner on December 7, 2006 and states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of sentence 3.

7. Avers that paragraph 7 sets forth legal conclusions to which DRL is not required to plead.

8.  Avers that paragraph 8 sets forth legal conclusions to which DRL is not required to plead.

9.  Avers that paragraph 9 sets forth legal conclusions to which DRL is not required to plead.

10. Avers that paragraph 10 sets forth legal conclusions to which DRL is not required to plead, but, if a response is required, denies.

11. Avers that paragraph 11 sets forth legal conclusions to which DRL is not required to plead, but if a response is required, denies.

12. Avers that paragraph 12 sets forth legal conclusions to which DRL is not required to plead, and refers the Court to the cited statutory provision for a full and complete statement of its contents.

13. Avers that paragraph 13 sets forth legal conclusions to which DRL is not required to plead, and refers the Court to the cited statutory provisions and regulation for a full and complete statement of their contents.

14. Avers that paragraph 14 sets forth legal conclusions to which DRL is not required to plead, and refers the Court to the cited statutory provision for a full and complete statement of its contents.

15. Avers that paragraph 15 sets forth legal conclusions to which DRL is not required to plead, and refers the Court to the cited statutory provision for a full and complete statement of its contents.

16. Avers that paragraph 16 sets forth legal conclusions to which DRL is not required to plead, and refers the Court to the cited statutory provision for a full and complete statement of its contents.

17. Avers that paragraph 17 sets forth legal conclusions to which DRL is not required to plead, and refers the Court to the cited statutory provisions for a full and complete statement of their contents.

18. Avers that paragraph 18 sets forth legal conclusions to which DRL is not required to plead, and refers the Court to the cited statutory provision for a full and complete statement of its contents.

19. Avers that paragraph 19 sets forth legal conclusions to which DRL is not required to plead, and refers the Court to the cited statutory provision for a full and complete statement of its contents.

20. Avers that paragraph 20 sets forth legal conclusions to which DRL is not required to plead, and refers the Court to the cited statutory provision for a full and complete statement of its contents.

21. Avers that paragraph 21 sets forth legal conclusions to which DRL is not required to plead.

22. Avers that paragraph 22 sets forth legal conclusions to which DRL is not required to plead, and refers the Court to the cited statutory provision for a full and complete statement of its contents, but if a response is required, denies.

23. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 and refers the Court to the relevant statutory provision, 21 U.S.C. § 355(j)(5)(B)(iii)(I), for a full and complete statement of its contents.

24. Admits sentence 1, and, with respect to sentence 2, refers the Court to the FDA-approved labeling for Zofran for a full and complete statement of the drug's

indications for use.

25. Based on information and belief, admits.

26. Avers that paragraph 26 sets forth legal conclusions to which DRL is not required to plead. Based on information and belief, admits that no ANDA applicants are eligible for exclusivity as to the `578, `628, and `789 patents.

27. Admits that DRL submitted the first ANDA for ondansetron tablets in the 4 mg and 8 mg strengths that contained a paragraph IV certification to the `658 patent. Admits that DRL's application was not eligible for approval until December 24, 2006. Denies the remaining allegations of paragraph 27.

28. Avers that DRL is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28, except avers that Apotex is not eligible for approval until the 180-day exclusivity applicable to DRL's application expires.

29. Avers that DRL is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29.

30. Admits sentence 1. Admits that the filing of GSK's lawsuit resulted in a 30-month stay of approval of Apotex's ANDA under 21 U.S.C. § 355(j)(5)(B)(iii) (2006) and refers the Court to that statute for a full and complete statement of its contents.

31. Admits that on May 25, 2005, the district court signed a document entitled "Stipulation of Dismissal Pursuant to Fed. R. Civ. P. 41" between Apotex and GSK, and refers the Court to the stipulation for a full and complete statement of its contents. Denies the remaining allegations in paragraph 31.

32. Avers that paragraph 32 states forth legal conclusions to which DRL is not

required to plead, but if a response is required, denies.

33. Avers that DRL is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33.

34. Avers that DRL is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34.

35. Denies.

36. On information and belief, admits that Apotex sent to the FDA a letter dated August 31, 2005, and refers the Court to the letter for a full and complete statement of its contents.

37. Avers that DRL is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37.

38. On information and belief, admits that Apotex sent to the FDA a letter dated August 29, 2006, and refers the Court to the referenced letter for a full and complete statement of its contents.

39. Avers that DRL is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39.

40. Avers that DRL is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40.

41. Based on information and belief, admits that FDA issued an administrative letter ruling on November 3, 2006 and refers the Court to that letter for a full and complete statement of its contents.

42. Based on information and belief, admits that FDA's November 3, 2006, administrative letter ruling concluded that the May 25, 2005 GSK-Apotex Stipulation of

Dismissal was not a triggering court decision and refers the Court to that letter for a full and complete statement of its contents.

43.　Admits that, on December 26, 2006, FDA approved DRL's ondansetron ANDA with 180-day exclusivity.

44.　Denies.

45.　Avers that paragraph 45 sets forth legal conclusions to which DRL is not required to plead but, if a response is required, denies.

46.　Denies.

47.　Denies.

48.　Denies.

49.　Denies.

50.　Admits.

51.　Based on information and belief, admits.

52.　DRL incorporates by reference its responses to paragraphs 1-51.

53.　Denies.

54.　Admits that FDA's November 3, 2006 letter to Apotex is final agency action that is subject to judicial review. Denies the remaining allegations in paragraph 54.

55.　Denies.

56.　Admits.

57.　Based on information and belief, admits.

58.　Avers that DRL is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 58.

59.     DRL incorporates by reference their responses to paragraphs 1-58.

60.     Admits only that FDA's November 3, 2006 letter to Apotex is final agency action that is subject to judicial review. Denies the remaining allegations of paragraph 60.

61.     Denies

62.     Denies.

63.     Denies.

64.     Denies the first sentence in paragraph 64. Avers that the remainder of paragraph 64 sets forth plaintiffs' prayer for relief to which no response is required, but if a response is required, denies that plaintiff is entitled to the requested relief.

DRL hereby specifically denies all of the allegations of the complaint not expressly admitted. DRL, having fully answered plaintiffs' complaint, prays that this action be dismissed with prejudice, and that it be granted its costs and other relief as may be appropriate.

Respectfully submitted,

_____/s/_____
John Longstreth, D.C. Bar No. 367047
Brian K. McCalmon, D.C. Bar No. 461196
Kirkpatrick & Lockhart
   Preston Gates Ellis LLP
1735 New York Avenue, N.W.
Suite 500
Washington, DC 20006-5209
(202) 628-1700
(202) 331-1024 (facsimile)

_____/s/_____
Andrew J. Miller
Stuart D. Sender
Bruce D. Radin
BUDD LARNER P.C.
150 John F. Kennedy Parkway
Short Hills, New Jersey 07078-2703
(973) 379-4800
(973) 379-7734 (facsimile)

*Counsel for Intervenors-Defendants*
*Dr. Reddy's Laboratories, Ltd. and*
*Dr. Reddy's Laboratories, Inc*

Dated: January 18, 2007

627627

## CERTIFICATE OF SERVICE

      I hereby certify that on January 18, 2007, I caused the foregoing I**NTERVENORS-DEFENDANTS DR. REDDY'S LABORATORIES, LTD.'S AND DR. REDDY'S LABORATORIES, INC.'S ANSWER** to be served via the District Court's Electronic Filing System (ECF) upon:

Arthur Y. Tsien
OLSSON, FRANK AND WEEDA, P.C.
1400 16th Street, N.W., Suite 400
Washington, D.C. 20036-2220
Attorneys for Plaintiff/Appellant Apotex Inc.

William A. Rakoczy
Christine J. Siwik
Alice L. Riechers
RAKOCZY MOLINO MAZZOCHI SIWIK LLP
6 West Hubbard Street, Suite 500
Chicago, Illinois 60610
Attorneys for Plaintiff/Appellant Apotex Inc.

D. Christopher Ohly
Jeffrey S. Jacobovitz
SCHIFF HARDIN, LLP
1101 Connecticut Ave., N.W. Suite 600
Washington, D.C. 20036
Attorneys for Intervenor-Plaintiff Mutual Pharmaceutical Co., Inc.

Andrew M. Berdon
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
51 Madison Ave., 22nd Floor
New York, N.Y. 10010
Attorneys for Intervenor-Plaintiff Mutual Pharmaceutical Co., Inc.

Andrew E. Clark
U.S. Department of Justice
Office of Consumer Litigation
Room 950 North
1331 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Attorneys for the Federal Defendants

627627